BACHARACH, J.,
concurring.
I join Parts IV, V, and VI of the majority’s well-crafted opinion. I also agree with the outcome in Part III, where the majori *1297 ty affirms the denial of habeas relief on Mr. Washington’s Batson claim. I agree with much of what is said in Part III. But I would approach step three of the Batson test somewhat differently for the peremptory challenges to Ms. Spratt and Ms. Hodges.
In my view, the Kansas Supreme Court’s disposition of the step-three issue was reasonable based on the way that Mr. Washington briefed the issue in the Kansas Supreme Court.
Mr. Washington acknowledges that ha-beas relief is governed under the Antiter-rorism and Effective Death Penalty Act. Pet’r’s Supp. Br. at 6. Under this Act, Mr. Washington must show that the Kansas Supreme Court unreasonably determined the facts in upholding the peremptory challenges. 28 U.S.C. § 2254(d)(2).
The reasonableness of the Kansas Supreme Court’s factual determination turns at least partly on what had been presented to the Kansas Supreme Court on the third Batson step. Mr. Washington acknowledges that his brief in the Kansas Supreme Court gave the third step “short attention” and did not explicitly label the argument as addressing the third step of Batson. Appellant’s Second Supp. Br. at 8, 7.
For Ms. Spratt and Ms. Hodges, Mr. Washington’s briefing in the Kansas Supreme Court was particularly sketchy. For example, Mr. Washington’s step-three argument for Ms. Hodges consisted of a single sentence: “How one ascertains this response is ‘quite evasive’ is beyond understanding.” Opening Brief for Appellant at 25, State v. Washington, 275 Kan. 644, 68 P.3d 134 (2003). Similarly, for Ms. Spratt, Mr. Washington stated only in a single sentence that the answer in voir dire had been specific about the prior jury service. Id. at 24, 33.
In light of the sparsity of Mr. Washington’s step-three argument in the Kansas Supreme Court, the court’s disposition of the Batson issue for Ms. Spratt and Ms. Hodges was based on a reasonable determination of the facts. As a result, I too would reject Mr. Washington’s step-three challenge involving the peremptory challenges for Ms. Spratt and Ms. Hodges.